Darlene A. Konz,

       Plaintiff,

v.                                                  **ORDER**

Commissioner of Social Security,

       Defendant.

      This matter is before the court upon plaintiff Darlene A. Konz's ("Konz") objections to the December 8, 2009, report and recommendation of United States Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends that the court grant defendant Commissioner of Social Security's ("Commissioner") motion for summary judgment. After a de novo review, and for the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

      Konz seeks judicial review of the Commissioner's decision to deny her August 2003 application for disability benefits.[1] After the Commissioner denied Konz's application initially and upon reconsideration, Konz requested an administrative hearing. Following a March 28, 2005, hearing, Administrative Law Judge

_____

[1] Konz later amended her date of disability to May 1, 2003.

("ALJ") Lyle Olson issued an unfavorable decision on August 5, 2005.  The Social Security Appeals Council granted Konz's request for review, vacated the ALJ's decision and remanded for further evidence.  Meanwhile, Konz filed a second application for disability benefits on August 11, 2005, which the Commissioner granted on August 13, 2005.

Upon remand, ALJ James Geyer heard testimony from Konz, vocational expert William Tucker and psychologist Michael J. McGrath at a November 29, 2006, hearing.  (Doc. No. 6 at 722.)  On September 7, 2007, the ALJ affirmed the Commissioner's denial of Konz's application.  (Id. at 16.)  The Social Security Appeals Council denied Konz's subsequent request for review on June 26, 2008.  (Id. at 7.)  Konz filed the present action on August 22, 2008, seeking judicial review of the ALJ's decision.  Both parties moved for summary judgment, and the magistrate judge recommends granting the Commissioner's motion because substantial evidence supports the ALJ's findings regarding Konz's disability status. Konz objects.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decision of the ALJ for substantial evidence.  See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  "Substantial

evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). "However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] [c]ourt to reverse the decision of the ALJ." Id. (citation omitted). Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

Konz objects to the magistrate judge's finding that she did not suffer from a disability between May 21, 2003, and August 13, 2005. In support of her objection, Konz first argues that the magistrate judge should not have relied on the November 2003 to March 2004 opinions of Disability Determination Services ("DDS") experts. Those opinions stated that Konz had a physical residual functional capacity for the full range of medium work. Konz argues that the opinions were undermined by a July 2004 magnetic-resonance imaging ("MRI") scan of her cervical spine that showed greater pathology than previous imaging. In this case, however, the magistrate judge properly determined that substantial evidence –

including reports of Dr. Richard Salib, who performed the July 2004 MRI and Dr. Richard Rasmussen, Konz's treating physician, as well as the absence of functional restrictions following the July 2004 MRI – supported the ALJ's finding that Konz was not disabled from May 1, 2003, until August 13, 2005.  See Hartfield, 384 F.3d at 988.

Konz next argues that the DDS opinions do not provide substantial evidence of her mental capacity because her global assessment of functioning ("GAF") score in August 2004 was lower than previous scores.  The magistrate judge, however, properly determined that substantial evidence – including assessments at the Mayo Clinic in March 2004, the testimony of Dr. McGrath and Konz's activities – support the ALJ's findings that Konz did not have work-precluding functional limitations due to depression from May 1, 2003 to August 13, 2005.  Therefore, Konz's objection is overruled.


## CONCLUSION

In summary, the court determines that the magistrate judge's report and recommendation is well-reasoned and appropriately disposes of this case.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's objections [Doc. No. 14] to the magistrate judge's report and recommendation are overruled;

4

2.    The magistrate judge's report and recommendation [Doc. No. 12] is adopted in its entirety;

3.    Plaintiff's motion for summary judgment [Doc. No. 7] is denied;

4.    Defendant's motion for summary judgment [Doc. No. 9] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 3, 2010

s/David S. Doty_____
David S. Doty, Judge
United States District Court